CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SAMMIE MCCOLLOUGH,<br>    Petitioner, | Civil Action No. 7:06-cv-00712 |
| v. | **MEMORANDUM OPINION** |
| TERRY O'BRIEN, WARDEN,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Sammie McCollough, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. McCollough asserts that the term of confinement he is serving has been improperly calculated. The respondent filed a motion to dismiss to which petitioner responded,[1] making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I

McCollough was arrested in early June 2000, by the Rock Hill Police Department in South Carolina. He was later transferred to authorities from York County, South Carolina. He remained in state custody until August 11, 2000, when the United States Marshals Service borrowed him via a federal writ of habeas corpus ad prosequendum. While on the federal writ, McCollough was sentenced in the United States District Court for the District of South Carolina to concurrent terms of 160 months for violations of 18 U.S.C. § 2113(a), § 2113(d), and (2). The Marshals Service returned McCollough to state authorities on May 25, 2001, via return writ, and then lodged a detainer against McCollough with the State of South Carolina. On November 15, 2001, the state issued an order releasing McCollough on bond, although he was not released from physical custody because

---

[1] McCollough argues that the exhibits attached to respondent's motion to dismiss are outside the record and require the court to conduct an evidentiary hearing. He is mistaken, however. See Thompson v. Green, 427 F.3d 263, 268 (4th Cir. 2005) (finding that the habeas rules view exhibits contained in a habeas corpus answer to be part of the answer itself); Poyner v. Murray, 964 F.2d 1404, 1422 (4th Cir. 1992) (finding that habeas petitioner is entitled to evidentiary hearing only to resolve disputed issues of material fact). Because McCollough has no dispute over any of the facts related to his sentence calculation (such as the dates on which he was arrested or granted bond), the court can resolve this case without a hearing.

1

of the pending federal detainer. He was sentenced in state court in York County on November 28, 2001, to a total of 25 years imprisonment, concurrent to the federal sentences. To effectuate this order, state authorities ordered that McCollough should serve the bulk of his state sentence while he was in federal prison, also serving his federal sentences.

McCollough's federal sentence is deemed to have commenced on November 15, 2001, when he was released by the state on bond. He was also granted three days of prior custody credit toward his federal sentence for the period from June 5 to June 7, 2000. His state sentence was deemed to have commenced on June 8, 2000, when he was transferred to York County authorities. McCollough's federal sentence is currently projected to be completed, with consideration for good conduct time, on July 16, 2013.

II

A. COMMENCEMENT OF THE FEDERAL SENTENCE

When an inmate has sentences imposed by two different sovereigns, such as federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. See Ponzi v. Fessenden, 258 U.S. 254, 260 (1922)("The chief rule [of comity] which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose."). A sovereign can relinquish its primary jurisdiction over a defendant by dismissing charges, releasing him on bond or parole, or releasing him after he has satisfied his sentence. See United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). A state with primary jurisdiction over an inmate does not relinquish primary jurisdiction by allowing federal authorities to borrow the inmate under a writ ad prosequendum. See Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992). Likewise, issuance of a federal detainer with state authorities "neither effects a transfer of a prisoner from state to federal

2

custody, nor transforms state custody into federal custody by operation of law." Id. at 360. In keeping with the principle of primary jurisdiction,

> [a federal] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). See, e.g., United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998) (finding that inmate in state custody and borrowed for federal criminal proceedings under writ ad prosequendum remained in state custody and federal sentence did not commence until state authorities relinquished custody on satisfaction of state obligation).

Under these principles, it is clear that McCollough's federal sentence did not commence until November 15, 2001. As the first sovereign to arrest him, the State of South Carolina acquired and maintained primary jurisdiction over McCollough from June 2000 until releasing him on bond on November 15, 2001. Neither McCollough's visit to federal court under a writ ad prosequendum nor issuance of the federal detainer against him altered the fact that South Carolina had primary jurisdiction over him. On November 15, 2001, at that point, when he was released from state custody through the bond issuance, he entered federal custody, and his federal sentence commenced.

## B. NO ADDITIONAL PRIOR CUSTODY CREDIT

Prior custody credit toward a federal criminal sentence is governed by 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(b). This rule against double credit is clearly established. See United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive double credit for his detention time."); United States v. Brown, 977 F.2d 574, *1 (4th Cir. 1992) (unpublished) (finding that defendant may receive credit against federal sentence for time in official detention prior to sentence commencement date unless it has been credited toward another sentence).

3

McCollough has received all the prior custody credit to which he is entitled. He received credit against his state sentence for the period from June 8, 2000 through November 14, 2001, the day prior to his release on bond to federal authorities. Thus, granting him credit for this time against his federal sentence as well would violate the rule against double credit set forth in § 3585(a). The rule applies even during the period when federal authorities borrowed McCollough under the writ ad prosequendum from August 11, 200 to May 25, 2001, for his federal criminal proceedings. Because he received credit against his state sentence for this time period, he cannot also receive credit against his federal sentence. The three days after his initial arrest until his transfer to York County authorities was not counted toward his state sentence. Therefore, this three-day period (from June 5 to June 7, 2000) has already been credited toward his federal sentence. However, for the reasons stated, McCollough is not entitled to any additional prior custody credit toward the federal sentence.[2]

III

In conclusion, the court finds that McCollough has received all the prior custody credit to which he is entitled against his federal sentence. Furthermore, the state and federal sentences have been run concurrently to the extent possible under § 3585(a). Accordingly, petitioner's claim that his federal sentence has been improperly calculated is without merit, and the motion to dismiss must be granted. An appropriate order shall be issued this day.

---

[2] As the respondent points out in the motion to dismiss, McCollough may be eligible for a nunc pro tunc designation, by the Bureau of Prisons ("BOP"), pursuant to 18 U.S.C. § 3621(b). Under § 3621(b), the BOP has authority to designate a state facility as the place for service of a federal sentence. In other words, McCollough could apply to have the BOP designate the local jails where he served time from June 8, 2000, through November 14, 2001, for service of his federal sentence in order to effectuate fully the state court's order for concurrent sentences. Although the BOP must consider an inmate's application for nunc pro tunc designation, the statute does not impose any obligation on the BOP to grant the designation. Therefore, McCollough has no statutory right to such a designation and cannot prove that failure to provide it places the current calculation of his term of federal confinement in violation of federal law. See, e.g., Evans, 159 F.3d at 911-12 (finding that federal sentence may commence on defendant in state custody "if and when the Attorney General or the [BOP] designates a state facility as the place for service of a federal sentence").

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253( c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying final order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 10th day of July, 2007.

_____
Senior United States District Judge

5

Case 7:06-cv-00712-JCT-mfu   Document 15   Filed 07/10/07   Page 5 of 5   Pageid#: 90